UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LAURIE MCCORMICK, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No.: ) |
| SOUTHEAST PERSONNEL LEASING, INC., | ) ) ) ) |
|     Defendant. | ) ) / |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, LAURIE MCCORMICK ("Plaintiff" or "McCormick"), and files her Complaint against Defendant, SOUTHEAST PERSONNEL LEASING, INC. ("Defendant" or "Southeast Personnel"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's interference with and retaliation for Plaintiff's lawful exercise of her rights under the FMLA leading to her unlawful termination.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA.

1

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, McCormick, is a citizen of the United States, and is and was at all times material, a resident of the state of Florida.

6. Defendant, Southeast Personnel, is a Florida for-profit corporation with its headquarters in Holiday, Florida.

7. At all times material hereto, Defendant employed more than 50 employees for each working day in each calendar year within the meaning of the FMLA.

8. At all times material hereto, Plaintiff was employed by Defendant at its business located at 2739 US-19, Holiday, Florida 34691.

## FACTUAL BACKGROUND

9. Plaintiff was employed full-time by Defendant for approximately two (2) years.

10. At the time of her termination she held the position of Payroll Technician.

11. Around March 2019, Plaintiff suffered an injury to her knee. As a result, Plaintiff began to walk with a visible limp in the workplace.

12. In early May 2019, Plaintiff began diagnostic testing for her injury.

13. In late May 2019, Plaintiff emailed Heather Clark, Human Resources Director, Regina Green, Department Manager, and Tara Barone, Department Manager, to request FMLA forms to take leave for her injury.

14. Shortly thereafter, Plaintiff received an email from Ms. Clark containing the requested FMLA forms.

15. However, to interfere with and discourage Plaintiff from applying for FMLA leave, the accompanying email included statements which were confusing and misleading.

16. Unfamiliar with and unsure about the language in Defendant's email, Plaintiff replied inquiring as to what Defendant meant and whether she required the assistance of legal counsel to apply for FMLA.

17. Later that day, Ms. Green called Plaintiff into the office and informed Plaintiff that her question regarding FMLA was considered insubordination and as such, her employment was terminated.

18. Defendant terminated Plaintiff to interfere with her use of FMLA leave and in retaliation for requesting FMLA leave.

19. Plaintiff was immediately escorted out of the building by security.

20. Plaintiff has been damaged by Defendant's illegal conduct.

21. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
## Interference in Violation of the FMLA

22. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-21 above.

23. Plaintiff was an employee eligible for protected leave under the FMLA.

24. Plaintiff exercised or attempted to exercise her rights under the FMLA.

25. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

26. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

27. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count II:
### Retaliation in Violation of the FMLA

28. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-21 above.

29. Plaintiff was an employee eligible for protected leave under the FMLA.

30. Defendant is and was an employer as defined by the FMLA.

31. Plaintiff exercised or attempted to exercise her rights under the FMLA.

32. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

33. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including

emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)    Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

      c)    Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No.: 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*